UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER B. PITTS,

    Petitioner,

v.                                                        Case No. 8:20-cv-1597-WFJ-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Pitts, a Florida inmate, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 3). Respondent moves to dismiss the amended petition as time-barred (Doc. 8). Although afforded the opportunity (*see* Doc. 4, p. 3), Mr. Pitts failed to respond to the motion. Upon consideration, the motion to dismiss will be granted.

### Procedural Background

On January 14, 2004, Mr. Pitts was convicted of robbery (Doc. 8-2, p. 15). He was sentenced to 30 years in prison (*Id.*, p. 19). His conviction and sentence were affirmed on appeal on April 13, 2005. *Pitts v. State*, 902 So.2d 154 (Fla. 2d DCA 2005) [table]. Beginning in March 2007, Mr. Pitts began filing state post-conviction pleadings (Doc. 8-2, pp. 27-54), all of which were dismissed or denied (*Id.*, pp. 56-77). Mr. Pitts filed his initial federal habeas petition in this Court in July 2020 (Doc. 1).

### Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondent moves to dismiss the petition as time-barred under § 2244(d), arguing that more than one year passed after Mr. Pitts' judgment became final.

Mr. Pitts' judgment of conviction was affirmed by the appellate court on April 13, 2005. Consequently, for purposes of § 2244(d), the judgment became final ninety (90) days later on July 12, 2005. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir.2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90–day period for seeking certiorari review in Supreme Court expired); Supreme Court Rules 13(1) and (3) (for a petition for certiorari to be timely, it must be filed within 90 days after entry of the judgment or order sought to be reviewed). Thus, Mr. Pitts' AEDPA statute of limitations period commenced on July 13, 2005. He therefore had until July 12, 2006, in which to file a timely federal habeas petition under § 2254. His habeas petition was filed in July 2020, approximately 14 years later. Accordingly, his petition is untimely unless the limitations period was tolled for a sufficient period of time by properly filed state court post-conviction applications.

Mr. Pitts filed several state post-conviction motions beginning in March 2007. Those motions, however, did not toll the AEDPA's limitations period because they were filed after the period had expired on July 12, 2006. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 post-convictionmotion outside limitations period). Accordingly, Mr. Pitts' federal habeas petition is untimely.

Mr. Pitts has not alleged or established that any equitable tolling of the limitations period is warranted; nor has he alleged or shown that he can prove actual innocence in order to overcome the time bar.[1] Accordingly, Mr. Pitts' federal habeas petition is time-barred.

Respondent's construed motion to dismiss (Doc. 8) is therefore **GRANTED**. The amended petition for a writ of habeas corpus (Doc. 3) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. Pitts and close this case.

## Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal Denied

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274,

---

1 *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (actual innocence can overcome the statute of limitations in

Case 8:20-cv-01597-WFJ-JSS   Document 11   Filed 02/09/21   Page 4 of 4 PageID 226

282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster*, 199 F.3d at 1257 n. 2 (dismissal of habeas petition as time-barred is procedural). Mr. Pitts cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on February 9, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Christopher B. Pitts, *pro se*
Counsel of Record

---

AEDPA); *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[28 U.S.C] § 2244(d) is subject to equitable tolling in appropriate cases.").

4